W. W. GUY, ADMINISTRATOR, ESTATE OF A. BLANTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14528. Promulgated July 25, 1928.

*Julius C. Martin, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

Phillips: During 1920, at the time of the filing of the petition herein, and at the time of the trial of this proceeding, W. W. Guy was administrator of the estate of A. Blanton, deceased. During 1920 the estate was one of the members of a partnership known as A. Blanton Grocery Co., such estate having an interest of 80 per cent in the profits or losses of the partnership. This partnership was engaged in the wholesale grocery business in Marion, and Shelby, N. C. Prior to his death the decedent had been one of the partners and after his death his estate continued as a partner.

The estate of the decedent rendered its income-tax returns upon the basis of a calendar year. The partnership closed its books on the basis of a fiscal year ended June 30, 1920, and filed an income-

tax return for the fiscal year ended June 30, 1920. The partnership did not close its books on December 31, 1919, but did close its books on December 31, 1920, June 30, 1921, and December 31, 1921. For the fiscal year ended June 30, 1920, the books of the partnership showed a profit, 80 per cent of which was credited to the account of the petitioner but was not paid. For the six-month period ended December 31, 1920, the partnership sustained a loss, 80 per cent of which was charged to the petitioner on the books of the partnership. In rendering its income-tax returns for 1920 the estate included as income its portion of the profits of the partnership for the fiscal year ended June 30, 1920, and deducted its share of the losses for the 6-month period ended December 31, 1920. This was accomplished by reporting in the return the net result of operations of the partnership business for the 18 months ended December 31, 1920. In computing the deficiency the respondent included as income the portion of the profits of the partnership for its fiscal year ended June 30, 1920, but refused to allow the petitioner to take into account the loss in the last six months of 1920.

Section 218(a) of the Revenue Act of 1918 provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

This section lays down a definite method of procedure to be followed by partners whose individual returns are made for a period different from that upon which a partnership, of which they may be members, renders its return, and ties into section 224 of the Act. The necessity for some such provision can be readily appreciated if we consider the case of an individual who is a member of two or more partnerships each keeping its books upon the basis of a fiscal year different from that of the other and from that upon which such taxpayer keeps his books. Closing the books of a partnership at December 30, 1920, was not sufficient to change the basis for computing the income of the partnership, for it was not done with the permission of the Commissioner (section 226 of the Act) or, indeed, with the intent of establishing a different accounting period. The loss sustained in the last six months of 1920 is properly to be accounted for by the petitioner in 1921 as a part of the result of the operations of the partnership for the fiscal year ended June 30, 1921. The action of the Commissioner must be approved. *J. H. Goadby Mills*, 3 B. T. A. 1245; *J. E. Asbury*, 4 B. T. A. 1244.

The petitioner further contends that if the foregoing is the proper construction of section 218(a) of the Revenue Act, such section is unconstitutional since it discriminates between those carrying on business as individuals and those carrying on business as partners. Without considering the authority of the Board to pass upon the constitutionality of any act of Congress, it seems sufficient to point out that the act taxes alike all persons who are similarly situated and that the differentiation between those carrying on business as individuals and those carrying on business as partners is not arbitrary but is reasonable and necessary to the administration of the act. We see nothing on which an argument of unconstitutionality could be well founded.

It is the further contention of the petitioner that the inventory of the partnership as of June 30, 1920, overstated the value of the goods on hand and consequently overstated its income. The inventory was taken by certain employees of the partnership and shortly thereafter came to the attention of the partner who was the principal witness in this proceeding. This witness stated that at that time he went over the inventory in a general way but made no change in it. On March 14, 1921, over eight months after the inventory was taken, this same witness verified the income-tax return of the partnership for the fiscal year ended June 30, 1920, using the inventory taken at the close of June, 1920, as a basis for computing the partnership income. Counsel sought to have this witness testify as to the market value on June 30, 1920, of a substantial number of items listed in the inventory. On examination of the witness it appeared that he had no recollection of the prices of any sales or purchases made at the close of June, 1920, that he had not examined his books of account for the purpose of refreshing his recollection as to any such sales or purchases, and that his proposed testimony of value was based upon an examination of certain trade journals and offers of goods. None of such trade journals or offers were submitted in evidence nor were any of them produced at the hearing. Upon objection of counsel for the respondent, the witness was not permitted to testify as to the market value of such goods on June 30, 1920. No further testimony as to the value of the items listed in the inventory was offered. There is, therefore, no basis on which to disturb the inventory as originally prepared by the partnership.

Petitioner also claims that the partnership overstated its income for the fiscal year ended June 30, 1920, because it failed to include in its purchases and in its inventory, certain sugar on which it had sustained a loss. It appears that on May 13, 1920, and May 17, 1920, the partnership entered into contracts for the purchase of 1,000 bags and 500 bags, respectively, of Java white sugar at 22 cents per pound, shipment to be made from Java during August or September, 1920.

Under the terms of the contracts the names of the steamer or steamers on which the sugar was shipped were to be declared later by the sellers, who were relieved of responsibility should such steamer or steamers fail to arrive at the port of destination, and were relieved of proportionate responsibility in case of partial loss in transit. The partnership was required to and did furnish letters of credit in favor of the seller covering the full purchase price of this sugar. Delivery of such sugar was to be made from the Java crop of 1920, grinding of which begins in May. It is the contention of the petitioner that under these contracts the partnership was on June 30, 1920, the owner of 1,500 bags of Java white sugar, the value of which was less than cost and which it should have included in its inventory at the market value of such sugar on that date, although there is no showing or even contention that such sugar had been ground on that date. In view of the testimony with respect to the value of the sugar on June 30, 1920, it seems unnecessary to consider whether the partnership was in fact the owner of the sugar which the sellers had contracted to deliver later in the year.

One of the partners testified that in his opinion the value of the sugar on June 30, 1920, was $4\frac{3}{4}$ cents per pound. In view of other evidence in the case, this expression of value can not be accepted as reliable. On June 26, 1920, this partnership entered into a contract to purchase 105 bags of sugar at $22\frac{1}{2}$ cents per pound. Another witness testified that sugar was selling at that time at about 18 cents per pound. A trade journal introduced into evidence shows that until August 11, 1920, sugar refiners were disposing of their product by allocation to their regular trade and quotes the price from January 1, 1920, to August 11, 1920, as nominal. On August 12, 1920, the price is shown as 16.758 cents per pound, from which point the price gradually declined until on December 17 it reached 7.742 cents per pound, the lowest quotation given for 1920. Although this purchase and this quotation related to American granulated sugar and Java white sugar is inferior in quality, the testimony is that the difference would amount to not more than $3\frac{1}{2}$ cents per pound.

The record shows that some time about the middle of 1920 the price of sugar reached the highest point which it has attained in recent years, that about that time there was a break in the price followed by a rapid decline in values. In such a situation the unrefreshed recollection of a witness of the market value on a particular date eight years prior to the time when he gives his testimony is of little, if any, value. This is particularly true in this case where the documentary evidence is in such direct conflict with the recollection of the witness. When we consider the testimony as a whole, it is not possible to fix any market value for Java white sugar on June 30, 1920, less than 22 cents per pound.

There are further grounds upon which the claim of the petitioner would have to be denied. There is no showing of the basis upon which inventories were taken and consequently nothing to indicate that the partnership was entitled to take goods into its inventory at market, should market be less than cost. This deficiency was called to the attention of counsel for the petitioner by counsel for the respondent at the hearing, but was not corrected. Moreover, it appears that in previous years the partnership had consistently taken its inventory upon the basis of the goods on hand and had not included in its inventory goods under contract. This is true of the opening inventory for the year under consideration. To permit the opening inventory to be taken on one basis and the closing inventory on another would inevitably lead to a distortion of income. We have previously had occasion to point out the importance which should be ascribed to a consistent method of inventorying, if not in conflict with the requirements of the Act. *Eatonville Lumber Co.*, 10 B. T. A. 232, and cases there cited.

*Decision will be entered for the respondent.*